UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 20, 2016

LETTER TO ALL COUNSEL

Re: *Christopher D. Wade v. Commissioner of Social Security*,
Civil No. SAG-14-3618

Dear Counsel:

On November 17, 2014, Christopher D. Wade petitioned this Court to review the Social Security Administration's cessation of his Children's Supplemental Security Income ("Children's SSI") and denial of his claim for adult SSI. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 20). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2011). I will grant the Commissioner's motion and deny Mr. Wade's motion. This letter explains my rationale.

Mr. Wade was granted Children's SSI in 2005. (Tr. 18). On December 8, 2010, the Commissioner determined that Mr. Wade, who was then sixteen years old, was no longer disabled as of December 1, 2010. (Tr. 90-92). The determination was affirmed on reconsideration. (Tr. 109-11). A hearing was held on June 20, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 45-85). Following the hearing, on July 29, 2013, the ALJ issued an opinion affirming the cessation of Children's SSI and denying adult benefits. (Tr. 18-39). Because the Appeals Council denied Mr. Wade's request for review, (Tr. 1-4), the ALJ's decision is the final, reviewable decision of the Agency.

In considering the cessation, the ALJ evaluated Mr. Wade's medical condition in relation to the "comparison point decision" establishing his disability on June 10, 2005. (Tr. 23). Although the ALJ found that Mr. Wade, before he became an adult, retained the same medically determinable impairments as he had in 2005, as of December 1, 2010, the ALJ found that Mr. Wade no longer met or equaled any listings. (Tr. 24). Specifically, the ALJ noted that the records as of and postdating December 1, 2010, "are not noteworthy for the 112.03 symptoms such as delusions, hallucinations, bizarre behaviors, illogical thinking, inappropriate affect, emotional withdrawal, apathy, or isolation." (Tr. 24). The ALJ also did not find that Mr. Wade suffered from two marked impairments in the relevant areas of functioning as of December 1, 2010. *Id.* Therefore, the ALJ determined that Mr. Wade was not disabled for purposes of Children's SSI benefits, and that cessation of his benefits was proper. (Tr. 24-34).

The ALJ also engaged in an analysis of Mr. Wade under the adult standards for assessing disability. He found that, as an adult, Mr. Wade suffered from the severe impairments of ADHD

and a history of adjustment disorder with mixed anxiety and a depressed mood. (Tr. 34). Despite these impairments, the ALJ found that Mr. Wade retained the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out instructions for simple and routine tasks; he can occasionally interact with supervisors, the public, and coworkers; he can occasionally make simple decisions; he can use judgment to make simple work related decisions; and he has the ability to work a low stress job, defined as avoiding production standards, avoiding changes, and avoiding judgment changes.

(Tr. 36). After considering testimony from a vocational expert ("VE"), the ALJ found that Mr. Wade was capable of performing jobs existing in significant numbers in the national economy and, therefore, was not disabled. (Tr. 38-39).

Mr. Wade asserts two primary arguments in support of his appeal: (1) that the ALJ made contradictory findings as to his ability to sustain and complete tasks; and (2) that the ALJ erroneously assessed his RFC under the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Each argument lacks merit.

Mr. Wade's first argument posits that the ALJ's finding that Mr. Wade suffered "marked" limitation in the realm of "Attending and Completing Tasks" as a child is contrary to the finding that he had "no more than moderate" limitation in the area of "concentration, persistence, or pace" as an adult. Pl. Mot. 6-10. Mr. Wade notes that it is unlikely that his limitations changed in severity precisely on his eighteenth birthday. Pl. Mot. 9. While that is certainly true, it is also true that the analysis of a child's limitation in "attending and completing tasks" differs from determining whether an adult can sustain "concentration, persistence or pace" sufficiently to perform substantial gainful employment. Thus, the two different findings do not necessarily indicate a substantive change occurring on his eighteenth birthday. Moreover, the ALJ cited to evidence in the record differentiating the opinion of evaluators before Mr. Wade's eighteenth birthday (who generally believed Mr. Wade to suffer greater limitation) from evaluators after he turned eighteen, who found lesser restrictions. (Tr. 29, 35). In fact, the ALJ specifically acknowledged the alleged "inconsistency" between the two time frames, stating, "Although the undersigned previously found a marked limitation relating to similar abilities for the childhood portion, the undersigned does not find such a level of dysfunction regarding adult concentration, persistence, or pace." (Tr. 35). In the adult analysis, the ALJ cited to other record evidence to support the less severe finding, including Mr. Wade's admission that he did not apply himself in high school, evidence that he is quite successful in maintaining attention in areas and subjects of interest to him, his demeanor at the hearing, and his ability to maintain adequate attention at his part-time jobs. *Id.* Accordingly, I find the determination that Mr. Wade had a "no more than moderate" limitation in concentration, persistence, or pace as an adult to be supported by substantial evidence.

*Christopher Wade v. Commissioner of Social Security*
Civil No. SAG-14-3618
January 20, 2016
Page 3

Mr. Wade further argues that the ALJ "failed to evaluate" the opinion of a consultative examiner, Dr. Nair, who examined Mr. Wade when he was sixteen years of age. Pl. Mot. 10. In fact, the ALJ did address Dr. Nair's opinion, but determined that he "affords more weight to the opinions of the later consultative examiner, as his global assessment of functioning scores are better supported by the claimant's conservative and diminishing treatment of record." (Tr. 26). My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence, such as certain aspects of Dr. Nair's evaluation, that may support Mr. Wade's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, in light of the substantial evidence cited by the ALJ, remand is unwarranted even if other evidence exists that could be marshaled in support of a finding of disability.

Finally, as to the adult claim, Mr. Wade argues that the ALJ's RFC assessment did not adequately account for the finding at step three that he has "no more than moderate" limitations in concentration, persistence, and pace, pursuant to the holding in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit determined remand was warranted for several reasons, including a discrepancy between the ALJ's finding at step three concerning the claimant's limitation in concentration, persistence, and pace, and his RFC assessment. *Id.* at 638. Although a similar discrepancy appears to exist in this case, it is critically distinguishable in several respects, and *Mascio* does not require remand.

To understand why this case is distinguishable from *Mascio*, some background is necessary. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. *Id.* at § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired,

as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. In *Mascio*, the Fourth Circuit voiced its agreement with other circuits "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (joining the Third, Seventh, Eighth, and Eleventh Circuits) (citation and internal quotation marks omitted). The Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* In so holding, however, the Fourth Circuit noted the possibility that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace, at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error.

In this case, at step three, the ALJ found that Mr. Wade has "no more than moderate" difficulties in his ability to maintain concentration, persistence, or pace. Even assuming that that finding is equivalent to a finding of "moderate" limitations, in his RFC assessment, the ALJ included a restriction to address those limitations, specifically limiting Mr. Wade to "a low stress job, defined as avoiding production standards, avoiding changes, and avoiding judgment changes." (Tr. 36). While *Mascio* provides that a limitation to unskilled work alone is insufficient to address moderate difficulties in concentration, persistence, or pace, here the ALJ included another limitation that clearly accounts for Mr. Wade's "no more than moderate" difficulties in that functional area. Accordingly, I find no error warranting remand under *Mascio*.

Although not pertinent to the legal issues presented, I want to commend Mr. Wade and his guardian for the remarkable progress Mr. Wade has made since his 2005 finding of disability. Mr. Wade's hearing testimony and the other evidence of record reflects that he has developed a positive work ethic and a solid character that should serve him well moving forward.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 20) and DENIES Mr. Wade's Motion for Summary Judgment (ECF No. 19). The Clerk is directed to CLOSE this case.

*Christopher Wade v. Commissioner of Social Security*
Civil No. SAG-14-3618
January 20, 2016
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                  Sincerely yours,

                                  /s/

                                Stephanie A. Gallagher
                                United States Magistrate Judge